Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000718
26-JUL-2012
08:45 AM

NO. CAAP-11-0000718


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
ROBERT M. ANDERSON, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
WAHIAWĀ DIVISION
(CASE NO. 1DTA-10-06649)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Robert M. Anderson (Anderson) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment (Judgment and Order) entered on September 8, 2011 in the District Court of the First Circuit, Wahiawā Division (district court).[1] Anderson was charged by complaint with Operating a Vehicle Under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) §§ 291E-61(a)(1)

---

[1] The Honorable Lono Lee presided.

and/or (a)(3) and (b)(3) (Supp. 2011).[2] The district court found Anderson guilty of violating HRS § 291E-61(a)(1).

On appeal, Anderson contends that the district court erred in denying his motion to dismiss in which he argued that the complaint was deficient for failing to allege that he committed the OVUII offense intentionally, knowingly, or recklessly and his right against self-incrimination was violated when the district court imposed a penalty for pleading not guilty to the offense.

In State v. Nesmith, 127 Hawai'i 48, 276 P.3d 617 (2012), the Hawai'i Supreme Court recently held that: (1) *mens rea* must be alleged in a charge asserting a violation of HRS § 291E-61(a)(1) in order to provide fair notice of the nature and cause of the accusation; and (2) *mens rea* need not be alleged (or proven) in a charge asserting a violation of HRS § 291E-61(a)(3), because the legislative intent to impose absolute liability for an HRS § 291E-61(a)(3) offense plainly appears. Nesmith; see also State v. Yamahata, No. SCWC-30718 2012 WL 1571382 (Haw. May 3, 2012)(SDO); State v. Flynn, No. SCWC-10-0000245 2012 WL 1560666 (Haw. May 1, 2012)(SDO); State v. Daniels, No. SCWC-10-0000243 2012 WL 1560656 (Haw. Apr. 30, 2012)(SDO); State v. Shinsato, No. SCWC-30720 2012 WL 1560663 (Haw. Apr. 30, 2012)(SDO); State v. Padilla, No. SCWC-30719 2012 WL 1560660 (Haw. Apr. 30, 2012)(SDO).

---

[2] HRS § 291E-61(a)(1) and (a)(3) provides as follows:

**§291E-61 Operating a vehicle under the influence of an intoxicant.** (a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

(1) While under the influence of alcohol in an amount sufficient to impair the person's normal mental faculties or ability to care for the person and guard against casualty;

. . . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

Accordingly, the district court erred in holding that *mens rea* need not be alleged in an HRS § 291E-61(a)(1) charge and Anderson's HRS § 291E-61(a)(1) charge was deficient for failing to allege *mens rea*.

Our resolution of Anderson's first point of error makes it unnecessary to address his second point of error.[3]

Therefore,

IT IS HEREBY ORDERED THAT the District Court of the First Circuit, Wahiawā Division's Notice of Entry of Judgment and/or Order and Plea/Judgment entered on September 8, 2011 is vacated and the matter is remanded for dismissal of the charge without prejudice.

DATED: Honolulu, Hawai'i, July 26, 2012.

On the briefs:

Ivy Y.E. Kim,
Deputy Public Defender,
for Defendant-Appellant.

Chief Judge

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

Associate Judge

---

[3] Because the parties do not address the alleged violation of HRS § 291E-61(a)(3) and the record with respect to this violation is incomplete, we also do not address whether reprosecution of Anderson for violating HRS § 291E-61(a)(3) would be permissible.